■ RAVI THAKUR, Appellant, v SARITA K. THAKUR, Respondent. [855 NYS2d 183]—

By order to show cause dated March 28, 2006 the defendant sought, inter alia, to vacate the judgment of divorce on the ground of fraud, misrepresentation, or other misconduct by the plaintiff (*see* CPLR 5015 [a] [3]). Specifically, the defendant alleged that the plaintiff knowingly misled her into signing an affidavit which averred that the plaintiff was the legal custodian of the parties' child so that the plaintiff would be awarded custody of the child when the divorce was finalized. A defendant seeking to vacate a judgment of divorce has the burden of establishing, by admissible evidence, the existence of fraud, misrepresentation, or other misconduct on the plaintiff's part sufficient to entitle him or her to vacatur (*see* CPLR 5015 [a] [3]; *Mohrmann v Lynch-Mohrmann*, 24 AD3d 735 [2005]; *Badgett v*

*Badgett*, 2 AD3d 379 [2003]; *Bergen v Bergen*, 299 AD2d 308 [2002]; *Cofresi v Cofresi*, 198 AD2d 321 [1993]). Following an evidentiary hearing, the Supreme Court determined that the plaintiff fraudulently procured the judgment of divorce. We find no basis to disturb that determination. Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was to vacate the judgment of divorce. Miller, J.P., Covello, Eng and Chambers, JJ., concur.