■ Keith Mayo, Respondent, v Personnel Review Board of the Health and Hospitals Corporation et al., Appellants. [884 NYS2d 39]—

Order, Supreme Court, New York County (Alice Schlesinger, J.), entered January 22, 2008, which granted the petition, denied respondents' cross motion to dismiss, and remanded for petitioner's reinstatement to his position with respondent New York City Health and Hospitals Corporation (HHC), modified, on the law, the directive that respondents reinstate petitioner to his position vacated, the matter remanded to respondents for further proceedings consistent herewith, and otherwise affirmed, without costs.

Petitioner was employed by HHC as a supervisor of stock workers. As a result of an altercation between petitioner and one of his subordinates, HHC preferred two charges against petitioner. The first charge stated "[t]hat on or about March 8, 2005 at approximately 8:30 a.m. you assaulted" the subordinate; the second charge stated "[t]hat on or about March 8, 2005, your conduct was unbecoming and unprofessional of a corporate employee and supervisor when you assaulted" the subordinate. Following a hearing, an administrative law judge determined that, although the altercation occurred, HHC failed to establish that petitioner initiated or willingly participated in it, and she recommended that the charges be dismissed. HHC rejected the conclusion of the ALJ that petitioner did not initiate the fight, determined that petitioner did initiate it and assaulted the subordinate, and terminated petitioner's employment.

On petitioner's administrative appeal to respondent Personnel Review Board of the HHC (the PRB), HHC's decision to terminate petitioner's employment was sustained. The PRB, however, did not base its determination on a finding that petitioner initiated the altercation or assaulted the subordinate. Rather, the PRB concluded that petitioner had a duty to report immediately the incident to the HHC police (or his superiors). Finding that he failed to report immediately the incident, the PRB upheld HHC's decision to terminate petitioner's employment.

Petitioner commenced this CPLR article 78 proceeding seek-

ing to annul the PRB's determination and to be reinstated to his position with HHC. Petitioner asserted that the PRB violated his due process rights by upholding HHC's decision to terminate his employment on a ground of misconduct that was never charged—failing to report immediately the altercation. Respondents, the PRB and HHC, moved to dismiss the proceeding. Supreme Court found that the PRB's determination was founded on uncharged misconduct and therefore violated petitioner's due process rights. The court annulled the PRB's determination and remanded the matter to the PRB to dismiss the charges against petitioner and reinstate him to his position. The court stated that

"[t]he determination of the [PRB] . . . [that] upheld the termination of [petitioner] as an employee of [HHC] is annulled, as it was based on an uncharged offense, namely a failure to report the incident of March 8th, 2005 and therefore, denied [petitioner] his constitutional right to be confronted with the charges and thus, was arbitrary and capricious.

"Further, since the PRB otherwise accepted the [ALJ]'s findings of fact and credibility, which concluded that the sole charge against [petitioner], that of assault was not proved, and recommended dismissal of the charge, the penalty imposed of termination is shocking and disproportionate.

"[S]ince HHC rule[ ] 7.5.6 precludes removal or disciplinary proceedings from being commenced more than 18 months after the occurrence of the alleged misconduct, except for actions which would constitute a crime, which this finding of no—of not reporting would not be, and it should be noted here all criminal charges relating to the assault charge were dismissed, and here, the events occurred on March 8th, 2005, almost three years ago.

"I am remanding this matter to the PRB and directing they [*sic*] act vis-à-vis dismissal of the charges and reinstatement of Petitioner, in all ways consistent with this Court's Decision and Order granting the petition."

We agree with Supreme Court that petitioner's due process rights were violated because the PRB affirmed HHC's decision to terminate petitioner's employment based on uncharged misconduct. As the Court of Appeals has observed: "The first fundamental of due process is notice of the charges made. This principle equally applies to an administrative proceeding for even in that forum no person may lose substantial rights because of wrongdoing shown by the evidence, but not charged . . . A public employee has a claim to due process and he may assume that the hearing will be limited to the charges as made. His lawyer is likewise entitled to prepare for the hearing in reli-

ance that, after the hearing is concluded, the charges will not be switched. Any other course is a violation of the employee's right to be treated with elemental fairness" (*Matter of Murray v Murphy*, 24 NY2d 150, 157 [1969] [citations omitted]). Notably, "[w]here we are involved with such a fundamental constitutional right as the right to be put on notice of the charges made, prejudice will be presumed" (*id.*).

Here, petitioner was charged with two counts of misconduct: (1) "[t]hat on or about March 8, 2005 at approximately 8:30 a.m. you assaulted" the subordinate; and (2) "[t]hat on or about March 8, 2005, your conduct was unbecoming and unprofessional of a corporate employee and supervisor *when you assaulted*" (emphasis added) the subordinate. Respondents maintain that the second charge provided petitioner with sufficient notice of a charge of failing to report the altercation because it "addressed the unprofessional and unbecoming misconduct relating to the fight, which encompassed petitioner's failure to report the incident." However, as Supreme Court aptly observed, "Any reasonable person hearing that [charge], any reasonable . . . lawyer hearing that [charge], would construe that to mean that this was all about the assault." And, as Supreme Court noted, both the ALJ and HHC believed that the two charges preferred against petitioner related solely to the assault itself. Thus, the second charge did not afford petitioner with notice of a charge of failing to report the incident (*see id.*; *Matter of Tartaglione v Board of Commrs. of Police Dept. of Vil. of Briarcliff Manor*, 301 AD2d 655 [2003], *lv denied* 100 NY2d 513 [2003]; *Matter of Brown v Saranac Lake Cent. School Dist.*, 273 AD2d 785 [2000]; *Whitbread-Nolan, Inc. v Shaffer*, 183 AD2d 610 [1992]).

Contrary to respondents' assertion, the admission of testimony regarding petitioner's failure to report the incident does not mean that the failure to provide petitioner with notice of a charge of failure to report can be overlooked. Petitioner and his attorney were entitled to assume that the hearing would be limited to the charges as made. By switching the basis of the charges after the hearing (and the first layer of administrative review) the PRB violated petitioner's "right to be treated with elemental fairness" (*Murray*, 24 NY2d at 157); because the right to notice of the charges is a fundamental constitutional right, prejudice will be presumed where, as here, that right is violated (*id.*).

In addition to annulling the determination of the PRB, Supreme Court remanded the matter to respondents and directed them to dismiss the charges against petitioner and re-

instate him to his position. Specifically, Supreme Court remanded the "matter to the PRB and direct[ed] they [sic] act vis-à-vis dismissal of the charges and reinstatement of Petitioner, in all ways consistent with th[e] Court's Decision and Order granting the petition." The court's position in the decision and order seems quite clear—the PRB's determination is annulled and petitioner is to be reinstated to his position. Moreover, the court also made clear that the PRB is precluded from taking any further action against petitioner based on the events surrounding the assault. Thus, the court wrote that "HHC rule[ ] 7.5.6 precludes removal or disciplinary proceedings from being commenced more than 18 months after the occurrence of the alleged misconduct, except for actions which would constitute a crime, which this finding of no—of not reporting would not be, and it should be noted here all criminal charges relating to the assault charge were dismissed, and here, the events occurred on March 8th, 2005, almost three years ago."* Accordingly, only ministerial action—dismissal of the charges and reinstatement of petitioner—is "consistent with [Supreme] Court's Decision and Order granting the petition." For the reasons stated below, the court should not have addressed the issue of whether the PRB is precluded under HHC rule 7.5.6 from taking any further disciplinary action against petitioner, and consequently the court's directive limiting the action that the PRB can take with respect to the matter was erroneous. Because the court stated that PRB is precluded from taking any further action against petitioner based on the events surrounding the assault, the dissent is wrong in asserting that "there is nothing in Supreme Court's decision that precludes respondents from pursuing any appropriate and timely charges against petitioner."

The PRB did not pass on the issue of whether HHC personnel rule 7.5.6 bars respondents from taking further administrative action against petitioner. Thus, there was no determination by the PRB with respect to that issue for Supreme Court to review. Given the limited function of a court in reviewing an administrative determination, the court should not have provided what amounted to an advisory opinion that respondents are barred from taking further administrative action against petitioner; that question is for the PRB in the first instance.

That the PRB should determine what action to take with re-

---

* HHC personnel rule 7.5.6 states that "[n]o removal or disciplinary proceeding shall be commenced more than eighteen (18) months after the occurrence of the alleged incompetency or misconduct complained or described in the charges except where the incompetency and/or misconduct complained of and so described would constitute a crime if proved in a court of appropriate jurisdiction."

spect to the matter based on Supreme Court's finding (which we affirm) that petitioner did not have sufficient notice of the failure to report charge is supported by additional considerations. First, only rule 7.5.6 has been provided to us and we do not know what other rules, if any, are relevant in determining whether respondents may take further administrative action against petitioner. Second, the PRB may interpret rule 7.5.6 in a manner that does not bar it from pursuing further administrative action against petitioner (*see Matter of Herzog v Joy*, 74 AD2d 372, 375 [1980], *affd* 53 NY2d 821 [1981] [administrative agency's interpretation of its own regulations entitled to "the greatest weight"]). For instance, the PRB could take the position that the proceeding was commenced timely with respect to the original charges and an amended charge, such as one for failure to report, relates back to those timely-commenced charges. Third, in *Murray*, the Court of Appeals determined that where a person was denied due process because of insufficient notice of the nature of the administrative charges against the person, the appropriate remedy is a new hearing (*Murray*, 24 NY2d at 158 ["Having been denied due process, (petitioners) are entitled to a new hearing"]; *see Matter of Rivera v Rozzi*, 149 AD2d 514 [1989]; *Montrois v City of Watertown*, 115 AD2d 298 [1985]; *Cruz v Lavine*, 45 AD2d 720 [1974]). The dissent cites no authority to the contrary. Thus, a new hearing is generally the remedy afforded to a person in petitioner's position.

At bottom, no determination by the PRB is before us with respect to whether HHC personnel rule 7.5.6 bars respondents from taking further administrative action against petitioner, and the PRB should determine in the first instance what action to take with respect to the matter based on Supreme Court's finding (which we affirm) that petitioner did not have sufficient notice of the failure to report charge.

We find respondents' remaining arguments, including those related to the standard of review and statute of limitations, without merit. Concur—Friedman, McGuire and Moskowitz, JJ.

Andrias, J.P., dissents in part in a memorandum as follows: We all agree that the second disciplinary charge against petitioner did not specify a "failure to report," and that the court therefore properly found that petitioner was denied the due process of adequate notice of that alleged misconduct (*see Matter of Murray v Murphy*, 24 NY2d 150, 157 [1969]; *Matter of Benson v Board of Educ. of Washingtonville Cent. School Dist.*, 183 AD2d 996, 997 [1992], *lv denied* 80 NY2d 756 [1992]).

However, to the extent the majority would remand the matter for a new hearing on the failure to report charge, it asserts that

Supreme Court directed that respondents reinstate petitioner to his position. However, in its decision dictated on the record of January 16, 2008, after having permitted respondents to file an answer and submit responsive papers as to the proper remedy, "[i]n other words, for me to reinstate Petitioner, or rather to remand," the court specifically stated: "I will remand, but with specific language." The court then stated that it was annulling the Personnel Review Board's April 17, 2007 determination, which upheld petitioner's termination, because it was based on the uncharged offense of failure to report the incident of March 8th, 2005 and that, since the Board otherwise accepted the Administrative Law Judge's findings of fact and credibility, which concluded that the sole charge of assault against petitioner was not proven, "the penalty imposed of termination is shocking and disproportionate." The court further stated that respondent HHC's rule 7.5.6 precludes removal or disciplinary proceedings from being commenced more than 18 months after the alleged misconduct, except for actions that would constitute a crime, and noted that all criminal charges relating to the assault charge had been dismissed and that the events occurred on March 8th, 2005, almost three years before.

The majority does not dispute the accuracy of any of the court's observations, but seemingly adopts respondents' sole argument on the issue, namely, that "the PRB in the first instance should have the opportunity to interpret and apply the rules." However, the court was simply stating the obvious, which is in accord with the well-settled principle that where an administrative rule is clear and unambiguous, there is no need for administrative interpretation. In any event, on the remand, there is nothing in Supreme Court's decision that precludes respondents from pursuing any appropriate and timely charges against petitioner. If there are no other charges brought or sustained, respondents will have to determine whether there is any basis for denying petitioner reinstatement to his position with back pay, which determination would be subject to further review by the courts.

Accordingly, I would simply affirm the judgment appealed from.