IGOR ZAGRANICHNY, Also Known as IGOR ZAGRANICHNAY, Appellant, v ALSA DEVELOPMENT, LLC, et al., Respondents. [892 NYS2d 443]—

The plaintiff claims that he obtained a judgment by confession from the defendants, which he allegedly entered in Kings County. The defendants moved to vacate the judgment on the ground that both the signature of the defendant Jeff Edelman and the signature of the notary on the affidavit of confession of judgment were forged. In an order dated December 4, 2008 the court referred the motion to a judicial hearing officer to hear and determine the issue of the authenticity of the signatures, but continued a stay preventing the disposition of Edelman's assets pending determination of the motion, except that it permitted the plaintiff to proceed on the execution and sale of Edelman's personal residence in satisfaction of the judgment. That order also directed that the sum of $120,000 from the net proceeds of the sale of Edelman's residence were to be held in escrow by the buyer's attorney, "and not returned until determination [of the motion] by the JHO." Thereafter, in an order dated December 18, 2008, the court, upon the defendants' motion, amended the order dated December 4, 2008 so as to, in effect, exclude Edelman's residence from execution and sale in satisfaction of the judgment by confession. The plaintiff appeals from the order dated December 18, 2008, arguing that the subject property should not have been excluded. We disagree, and, thus, affirm the order dated December 18, 2008.

Under the particular circumstances of this case, the Supreme Court providently exercised its discretion in, in effect, excluding Edelman's personal residence from execution and sale in satisfaction of the judgment by confession prior to the final determination of the defendants' motion to vacate the judgment (see CPLR 5015; *DaSilva v Musso*, 76 NY2d 436 [1990]; *cf. Marcus Dairy v Jacene Realty Corp.*, 298 AD2d 366 [2002]).

The plaintiff's remaining contentions are without merit. Covello, J.P., Santucci, Chambers and Hall, JJ., concur.