FLAVIO ATIENCIA et al., Appellants, v MBBCO II, LLC, Appellant, and FARRELL BUILDING COMPANY, INC., Respondent/Third-Party Plaintiff-Respondent. BAYVIEW BUILDING & FRAMING CORP., Third-Party Defendant-Respondent. [904 NYS2d 59]—

Order, Supreme Court, New York County (Carol R. Edmead, J.), entered June 24, 2009, which, insofar as appealed from as limited by the briefs, in an action for personal injuries sustained in a fall from a scaffold, denied plaintiffs' motion for partial summary judgment on the issue of liability on the Labor Law § 240 (1) claim as against defendant/third-party plaintiff Farrell Building Company, Inc. (Farrell), and, upon a search of the record, dismissed plaintiffs' Labor Law § 240 (1) and § 241 (6) claims as asserted against Farrell, unanimously modified, on the law, to reinstate the Labor Law § 241 (6) claim as against Farrell, and otherwise affirmed, without costs. Order, same court and Justice, entered October 28, 2009, which, insofar as appealed from, (1) denied plaintiffs' motion seeking leave to renew their motion for partial summary judgment on the Labor Law § 240 (1) claim against Farrell; (2) denied the motion of defendant MBBCO II, LLC pursuant to CPLR 5015 (a) to vacate the June 24, 2009 order to the extent that it granted summary judgment on Farrell's behalf; and (3) denied MBBCO's cross motion seeking leave to renew so much of the June 24, 2009 order that dismissed plaintiffs' section 240 (1) claim as against Farrell, unanimously modified, on the law, to grant the motions to renew and, upon renewal, to reinstate plaintiffs' section 240 (1) claim as against Farrell and to grant plaintiffs' motion for partial summary judgment on that claim, and otherwise affirmed, without costs.

A court, in the course of deciding a motion, is empowered to search the record and award summary judgment to a nonmoving party (*see* CPLR 3212 [b]; *Lennard v Khan*, 69 AD3d 812, 814 [2010]). However, with respect to the June 2009 order, the motion court erred in dismissing the Labor Law § 241 (6) claim against Farrell, as that claim was not placed before the court on plaintiffs' summary judgment motion (*see Dunham v Hilco Constr. Co.*, 89 NY2d 425, 429-430 [1996]).

Regarding the October 2009 order, the motion court should have granted the motions to renew. Although the newly submitted evidence was available at the time of the prior motion, the

court "ha[d] discretion to relax this requirement and to grant such a motion in the interest of justice" (*Mejia v Nanni*, 307 AD2d 870, 871 [2003]). Not only did plaintiffs and MBBCO offer reasonable justification for failing to submit the evidence submitted on the motion, but the new facts submitted do, in fact, change the prior determination (CPLR 2221 [e] [2]).

The record shows that Farrell was hired as the general contractor, and that it had "complete control" and "overall control" of the project, supervised the construction site, and enforced all safety regulations. Thus, the record establishes that Farrell was the general contractor on the project, and, as such, is liable to plaintiffs pursuant to Labor Law § 240 (1) (*see Thompson v St. Charles Condominiums*, 303 AD2d 152, 155 [2003], *lv dismissed* 100 NY2d 556 [2003]). Accordingly, partial summary judgment in plaintiffs' favor on the section 240 (1) claim as against Farrell is warranted (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 289 n 8 [2003]). Concur—Mazzarelli, J.P., Renwick, Freedman, Richter and Abdus-Salaam, JJ.