OPINION OF THE COURT
Lucy Billings, J.
I. The Bases for Postjudgment Relief
Petitioner moves to vacate the prior order dated January 10, 2011, denying her petition to reverse respondent’s denial of a handgun license because she failed to disclose an arrest for charges that eventually were dismissed: information the license application specifically requests. She bases her motion on CPLR 5015 (a) (3) because respondent failed to disclose to the court that the circumstances of the dismissal triggered Criminal Procedure Law § 160.60, under which the arrest and prosecution are considered a nullity. (See Matter of Travelers Ins. Co. v Rogers, 84 AD3d 469 [1st Dept 2011]; Zagranichny v ALSA Dev., LLC, 68 AD3d 1103, 1104 [2d Dept 2009]; Thakur v Thakur, 49 AD3d 861, 862 [2d Dept 2008].)
Petitioner alternatively may invoke CPLR 5015 (a) (2), based on her certificate of disposition of the dismissed charges, which she did not present previously. (Matter of American Comm. for *930 Weizmann Inst. of Science v Dunn, 10 NY3d 82, 95-96 [2008]; Atiencia v MBBCO II, LLC, 75 AD3d 424 [1st Dept 2010]; Ramos v City of New York, 61 AD3d 51, 54 [1st Dept 2009]; see CPLR 2221 [e] [2]; Sirico v F.G.G. Prods., Inc., 71 AD3d 429, 433-434 [1st Dept 2010].) Respondent conceded that the charges were dismissed, so petitioner, who previously was unrepresented, did not realize that the certificate of disposition would include any other relevant information. (See CPLR 2221 [e] [3]; Atiencia v MBBCO II, LLC, 75 AD3d at 425; Sirico v F.G.G. Prods., Inc., 71 AD3d at 433-434.)
The certificate of disposition reveals, however, that the charges were dismissed upon the Bronx County District Attorney’s motion, to which CPL 160.60 applies. Since respondent, in denying petitioner the license, knew of petitioner’s arrest and the charges against her, petitioner contends that respondent surely knew the circumstances of the dismissal, triggering section 160.60’s nullification provision, yet failed to reveal this fact and thus its legal ramifications to the court.
Whether or not respondent’s nondisclosure amounts to misrepresentation or other misconduct sufficient to vacate the dismissal of this proceeding (CPLR 5015 [a] [3]; see Matter of Travelers Ins. Co. v Rogers, 84 AD3d 469 [2011]; Vogelgesang v Vogelgesang, 71 AD3d 1131, 1132 [2d Dept 2010]; Sieger v Sieger, 51 AD3d 1004, 1006 [2d Dept 2008]; Thakur v Thakur, 49 AD3d at 862), petitioner’s offer of this more specific evidence in any event bears on the court’s prior determination (CPLR 2221 [e] [2]; 5015 [a] [2]); Atiencia v MBBCO II, LLC, 75 AD3d at 425; Sirico v F.G.G. Prods., Inc., 71 AD3d at 433, 435; Ramos v City of New York, 61 AD3d at 54) and, albeit delayed, has neither exceeded any definitive time constraint, nor hampered respondent’s defense of the proceeding. (CPLR 2221 [e]; 5015 [a] [2]; Sirico v F.G.G. Prods., Inc., 71 AD3d at 433; Ramos v City of New York, 61 AD3d at 54-55.) Respondent has been provided ample opportunity to respond to petitioner’s motion and the certificate of disposition presented. As respondent concedes, this evidence is more than a “mere allegation” or “specious claim” (American Comm. for Weizmann Inst. of Science v Dunn, 10 NY3d at 96); it is uncontroverted. In light of the certificate of disposition and the consequent application of CPL 160.60, petitioner maintains that respondent’s denial of the handgun license was based on an error of law and unsupported by any evidence that petitioner had failed to make a required disclosure. (CPLR 7803 [3], [4].)
*931 II. The Result Dictated by CPL 160.60
Criminal Procedure Law § 160.60 provides that upon termination of the criminal action against petitioner in her favor:
1. Her arrest and prosecution were considered a nullity.
2. She was restored to her status before the arrest and prosecution.
3. Neither the arrest nor the prosecution would operate to disqualify her from any occupation.
4. She was not required to divulge information regarding her arrest or prosecution, except where a statute specifically requires.
Penal Law § 400.00 confers on respondent the authority to issue handgun licenses. Section 400.00 (1) requires that “[n]o license shall be issued or renewed pursuant to this section except by the licensing officer, and then only after investigation and finding that all statements in a proper application for a license are true” (Emphasis added.) The application for a handgun license that petitioner completed specifically asks: “HAVE YOU EVER . . . (23) Been arrested ...?... (False statements are grounds for disapproval).” (Verified answer, exhibit A, § B at 2.) The application’s instructions require that
“[i]f you were ever arrested . . . you must answer Yes to question-23 and submit a certificate of disposition .... Also, you must submit a detailed, notarized statement describing the circumstances surrounding each arrest. YOU MUST DO THIS EVEN IF: the case was dismissed, the record sealed or the case nullified by operation of law.” (Verified answer, exhibit B, § 7 [A].)
Thus the only statutory requirement governing the information to be disclosed in a handgun license application is that “all statements in a proper application for a license are true.” (Penal Law § 400.00 [1].) The requirement to divulge information regarding an arrest or prosecution “EVEN IF: the case was dismissed, the record sealed or the case nullified by operation of law” is only in respondent’s handgun license application instructions. As the court’s prior determination recognized, petitioner’s violation of this requirement, to divulge her arrest, and her false answer “NO” to the application question “HAVE YOU EVER . . . Been arrested . . . ?” in violation of Penal Law § 400.00 (1), not the arrest itself, formed the basis for denying her the handgun license. (Verified answer, exhibit A, § B at 2.)
Inaccuracies in the information provided in the handgun license application by an applicant, in violation of Penal Law *932 § 400.00 (1), constitute a valid basis to deny the application. (Matter of Tartaglia v Kelly, 215 AD2d 166, 167 [1st Dept 1995]; see Matter of DeMeo v Bratton, 237 AD2d 111, 112 [1st Dept 1997].) This rule applies equally when the inaccuracy is a statement that the applicant has never been arrested. (Matter of Conciatori v Brown, 201 AD2d 323 [1st Dept 1994]; Matter of Papineau v Martusewicz, 35 AD3d 1214 [4th Dept 2006]; Matter of Hanna v Police Dept. of County of Nassau, 205 AD2d 689 [2d Dept 1994]; see Matter of Fortuniewicz v Cohen, 54 AD3d 952 [2d Dept 2008].)
Because CPL 160.60 applies to the dismissal of the charges for which petitioner was arrested, however, her answer was true when she did not divulge her arrest, because it was a nullity, and she was restored to her status before the arrest, as if it never occurred. (People v Patterson, 78 NY2d 711, 715 [1991].) Even though she attributed her nondisclosure to an unknowing or inadvertent oversight, which, as the court previously recognized, Penal Law § 400.00 (1) does not forgive, she was entitled under CPL 160.60 to deny her arrest. CPeople v Patterson, 78 NY2d at 715; Matter of Taylor v Loguercio, 106 AD2d 391, 392 [2d Dept 1984].) Penal Law § 400.00 (1) did not require petitioner to divulge information regarding her arrest; the statute only required that her statements in her license application be true. Pursuant to CPL 160.60, they were.
While the license application may have required her to disclose any arrest, CPL 160.60 relieved her from any such non-statutory requirement. Respondent may not create a duty to disclose a fact that never occurred. Pursuant to CPL 160.60, no arrest ever occurred.
III. Vacatur of the Court’s Order and Reversal of Respondent’s Determination
Because petitioner’s nondisclosure of her arrest formed the sole basis for respondent’s denial of a handgun license to petitioner, and under the law her arrest never occurred, respondent’s denial of the license was based on an error of law and unsupported by any evidence that petitioner had failed to make a required disclosure. (CPLR 7803 [3], [4].) Because respondent’s denial was “without regard to the facts” and “without sound basis,” it must be reversed. (Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]; see Goodwin v Perales, 88 NY2d 383, 392 [1996]; Matter of Soho Alliance v New York State Liq. Auth., 32 AD3d *933 363 [1st Dept 2006].) Therefore the court grants petitioner’s motion to vacate the court’s order dated January 10, 2011 (CPLR 5015 [a] [2]), and grants the petition to the extent of remanding the proceeding to respondent for a new determination of her handgun license application without consideration of an arrest June 9, 2000, and without consideration of any nondisclosure of such an arrest.
IV Limitations upon Remand
Respondent’s notice of disapproval dated June 11, 2009, referring to petitioner’s arrest June 9, 2000, informed petitioner that respondent denied her handgun license application because: “YOU NEGLECTED TO REVEAL THIS ARREST ON YOUR NOTARIZED PISTOL LICENSE APPLICATION. THIS ARREST ALSO WAS NOT MENTIONED AT YOUR PERSONAL INTERVIEW WITH YOUR INVESTIGATOR . . ., THE FALSE STATEMENTS REGARDING THIS INCIDENT IS GROUNDS FOR DISAPPROVAL.” (Verified petition, exhibit A.) This notice makes no reference to any grounds other than petitioner’s failure to disclose her arrest, so as to apprise her that respondent premised its denial on an additional ground. (38 RCNY 5-07 [e], [f]; see Mayo v Personnel Review Bd. of Health & Hosps. Corp., 65 AD3d 470, 472 [1st Dept 2009]; Matter of Benson v Board of Educ. of Washingtonville Cent. School Dist., 183 AD2d 996, 997 [3d Dept 1992].) Even if this notice were susceptible of another interpretation, reasonable notice of the grounds for adverse action must not relegate the applicant to guesswork. (Matter of Block v Ambach, 73 NY2d 323, 333 [1989]; Wolfe v Kelly, 79 AD3d 406, 410-411 [1st Dept 2010]; Mayo v Personnel Review Bd. of Health & Hosps. Corp., 65 AD3d at 473.) Nor does the record disclose that respondent considered any other basis for denying petitioner the license. (E.g. Matter of New York State Ch., Inc., Associated Gen. Contrs. of Am. v New York State Thruway Auth., 88 NY2d 56, 75 [1996]; see Mayo v Personnel Review Bd. of Health & Hosps. Corp., 65 AD3d at 471, 475; Benson v Board of Educ. of Washingtonville Cent. School Dist., 183 AD2d at 997.)
Since respondent presented no other ground for the denial, respondent may not now, upon remand, invoke any additional or different ground for denial. (38 RCNY 5-07 [e], [f]; Matter of Pantelidis v New York City Bd. of Stds. & Appeals, 43 AD3d 314, 316-317 [1st Dept 2007]; see Earl v Turner, 303 AD2d 282 [1st Dept 2003].) Due process requires that petitioner “be given notice of the charges and evidence” against her and “an *934 opportunity to appear to rebut the charges” (Matter of Strom v Erie County Pistol Permit Dept., 6 AD3d 1110, 1111 [4th Dept 2004]); to prepare adequately to defend the agency’s charged grounds for its action; and “to submit proof in response.” (Matter of Pacicca v Allesandro, 19 AD3d 500, 501 [2d Dept 2005]; see Wolfe v Kelly, 79 AD3d at 410; Mayo v Personnel Review Bd. of Health & Hosps. Corp., 65 AD3d at 472-473; Matter of Gordon v LaCava, 203 AD2d 290, 291 [2d Dept 1994]; Benson v Board of Educ. of Washingtonville Cent. School Dist., 183 AD2d at 997.) In the particular context of an administrative appeal: the charges need to be “reasonably specific, in light of all the relevant circumstances, to apprise the party whose rights are being determined of the charges against him . . . and to allow for the preparation of an adequate defense” (Wolfe v Kelly, 79 AD3d at 410, quoting Block v Ambach, 73 NY2d at 333).
Petitioner was entitled to notice of and an opportunity to prepare fully to address all the bases relied on for the agency’s action in her prior administrative appeal, as well as through this judicial review. (38 RCNY 5-07 [e], [f]; Block v Ambach, 73 NY2d at 333; Wolfe v Kelly, 79 AD3d at 410; Pantelidis v New York City Bd. of Stds. & Appeals, 43 AD3d at 316-317; Benson v Board of Educ. of Washingtonville Cent. School Dist., 183 AD2d at 997.) Even if the evidence were to show another basis for denying her a license, if that basis was not cited, it may not furnish a reason for denying her a license. (Pantelidis v New York City Bd. of Stds. & Appeals, 43 AD3d at 316-317; see Mayo v Personnel Review Bd. of Health & Hosps. Corp., 65 AD3d at 472; Matter of Rice v Hilton Cent. School Dist. Bd. of Educ., 245 AD2d 1104, 1106 [4th Dept 1997].)
V Conclusion
Consequently, upon the remand of the proceeding to respondent for a new determination of petitioner’s application, respondent only may consider new circumstances that have arisen since its final determination July 27, 2009 as grounds to deny her application. Respondent still may not consider, however, any subsequent arrest or prosecution or nondisclosure of an arrest or prosecution to which CPL 160.60 or any comparable provision of the Criminal Procedure Law applies. {E.g. CPL 170.55 [8].) This decision constitutes this court’s order and judgment granting petitioner’s motion to vacate the court’s order dated January 10, 2011, and granting the petition to the extent set forth; denying any other relief sought by the petition or *935 petitioner’s motion; and dismissing this proceeding. (CPLR 5015 [a] [2]; 7803 [3], [4]; 7806.)