Order, Supreme Court, New York County (Margaret A. Chan, J.), entered January 18, 2013, which denied the petition to vacate an arbitration award imposed pursuant to Education Law § 3020-a, finding petitioner guilty of teacher misconduct and terminating his employment with respondent New York City Department of Education, and granted respondents’ cross motion to dismiss the proceeding and confirm the award, unanimously reversed, on the law, without costs, the petition granted, the cross motion denied, and the arbitration award vacated.
The evidence presented at the arbitration hearing established that petitioner, while acting as a substitute teacher covering a double-period class for high school senior students, participated *426 in conversation with a group of the students concerning their college choices and post-graduation internship plans. The class took place during the height of the college application process, and right before the winter break. During the conversation, petitioner offered to serve as a contact point for a potential internship at a media company for a female student who had expressed an interest in film and media. The student testified that she appreciated this and was not offended by the offer. When a male student then indicated that he did not want to do an internship or work during the summer after graduation, petitioner whispered to the female student something to the effect of “watch how they react to this,” and proceeded to tell the students about a valuable internship experience he had before he went to college. The female student also was not offended by this. When another male student expressed his interest in attending a college that was widely reported to be a “party school,” petitioner asked him something to the effect of, “so you’re the type to party with,” or “you want to go to school to party.” The student testified that he was “not offended in any way” by the comment. Rather, the several students who testified generally indicated that they enjoyed the class and found it to have been more interesting than expected from a substitute.
Respondent has not identified any rule or statute that classifies such statements and action as teacher misconduct. Under all the circumstances, the finding that petitioner’s actions constituted teacher misconduct is not supported by adequate evidence, and is arbitrary and capricious (see Lackow v Department of Educ. [or “Board”] of City of N.Y., 51 AD3d 563, 567 [1st Dept 2008]).
We note that petitioner had a disciplinary history including findings of non-sexual touching of students, and that two prior disciplinary awards expressly warned him not to touch his students again. However, it is undisputed that petitioner did not touch any of his students in the case at bar. Thus, contrary to the arbitrator’s finding, the evidence did not indicate that petitioner failed to heed prior warnings (cf. Matter of Forte v Mills, 250 AD2d 882, 884 [3d Dept 1998]; Matter of Jerry v Board of Educ. of City School Dist. of City of Syracuse, 50 AD2d 149, 157 [4th Dept 1975], appeal dismissed 39 NY2d 1057 [1976]).
Concur—Tom, J.P., Renwick, Andrias, Freedman and Clark, JJ.