In the Matter of VALERIE NITTI, Petitioner, v COUNTY OF TIOGA et al., Respondents, et al., Respondents. [53 NYS3d 378]—

Rose, J. Combined proceeding pursuant to CPLR article 78 and action for declaratory judgment (transferred to this Court by order of the Supreme Court, entered in Tioga County) to, among other things, review a determination of respondents County of Tioga and Gail Barton terminating petitioner's employment.

Petitioner was employed by respondent County of Tioga as the Director of Employment and Transitional Supports, an office in the County's Department of Social Services (hereinafter DSS). As part of her job duties, petitioner oversaw all of the County's public assistance programs, including the Medicaid program and fraud unit. In November 2013, DSS's Commissioner brought disciplinary charges against petitioner alleging that she, among other things, made three false statements to a subordinate employee and to the Commissioner about her friend's Medicaid application. Following a Civil Service Law § 75 hearing, a Hearing Officer found that the evidence supported these specifications and recommended termination of petitioner's employment. Respondent Gail Barton, DSS's Deputy Commissioner, adopted the Hearing Officer's findings and recommendations as to the three specifications and concluded that termination of petitioner's employment was the appropriate penalty. Petitioner then commenced this combined proceeding pursuant to CPLR article 78 and action for declaratory judgment seeking, among other things, to annul Barton's determination. Ultimately, the matter was transferred to this Court inasmuch as the petition/complaint arguably raised the issue of substantial evidence (see CPLR 7804 [g]). Petitioner has abandoned that argument, however, by failing to raise it in her brief (see Matter of Macedonio v Annucci, 142 AD3d 1215, 1215 n [2016]; Matter of Community Related Servs., Inc. v Carpenter-Palumbo, 84 AD3d 1450, 1451 n [2011], lv denied 17 NY3d 717 [2011]).

Instead, petitioner contends that the Hearing Officer violated

her due process rights by finding her guilty of uncharged conduct, namely, that she deliberately committed fraud by trying to obtain Medicaid benefits for her friend when she knew—and attempted to conceal—that the friend was not financially eligible for the benefits. While it is certainly true that a disciplinary hearing must be limited to the charges as made (*see Matter of Murray v Murphy*, 24 NY2d 150, 157 [1969]; *Mayo v Personnel Review Bd. of Health & Hosps. Corp.*, 65 AD3d 470, 472-473 [2009]; *Matter of Benson v Board of Educ. of Washingtonville Cent. School Dist.*, 183 AD2d 996, 997 [1992], *lv denied* 80 NY2d 756 [1992]), a review of the Hearing Officer's written recommendations reveals that, although he "note[d]" his belief that petitioner's intent was to submit a fraudulent Medicaid application given her friend's "obvious lack of financial eligibility," the ultimate recommendations of guilt were limited solely to the evidence of petitioner's charged misconduct. In fact, the Hearing Officer made clear that his findings of guilt were based upon the evidence that petitioner lied about who signed the Medicaid application and her "false representations" to her subordinate and the Commissioner. In any event, a review of Barton's determination—which is the only determination that made an actual finding of guilt—demonstrates that Barton was careful to confine her findings of guilt and rationale for terminating petitioner to the accusations as set forth in the notice of charges. Accordingly, we cannot agree with petitioner that she was found guilty based upon conduct outside the scope of the notice of charges (*see Matter of Rounds v Town of Vestal*, 15 AD3d 819, 822-823 [2005]; *compare Mayo v Personnel Review Bd. of Health & Hosps. Corp.*, 65 AD3d at 472-473; *Matter of Brown v Saranac Lake Cent. School Dist.*, 273 AD2d 785, 785 [2000]).

As to the penalty, in light of the responsibilities inherent in petitioner's high-level position in which she supervised approximately 45 employees, "[w]e do not find that termination of petitioner's employment is so disproportionate to the offense[s] as to be shocking to one's sense of fairness" (*Matter of Bruso v Clinton County*, 139 AD3d 1169, 1172 [2016]). The parties' remaining contentions concerning the CPLR article 78 proceeding, to the extent that they have not been rendered academic by our decision, have been considered and determined to be lacking in merit. Finally, petitioner's request for declaratory relief is not authorized in a transferred proceeding pursuant to CPLR 7804 (g) and, therefore, that part of the matter must be remitted to Supreme Court for the entry of an appropriate judgment thereon (*see Matter of Ellison v Annucci*, 142 AD3d 1233, 1234-1235 [2016]; *Matter of Watson v New York State*

*Dept. of Corr. & Community Supervision*, 108 AD3d 817, 818 [2013], *lv dismissed* 22 NY3d 914 [2013], *lv denied* 23 NY3d 902 [2014]).

Peters, P.J., Lynch, Devine and Mulvey, JJ., concur. Adjudged that (1) the action for declaratory judgment is severed and said matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision, and (2) the determination is confirmed, without costs, and petition dismissed to that extent.