Matter of Juan PP. v Sullivan (2019 NY Slip Op 00511)





Matter of Juan PP. v Sullivan


2019 NY Slip Op 00511


Decided on January 24, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 24, 2019

526580

[*1]In the Matter of JUAN PP., Appellant,
v
ANN MARIE SULLIVAN, as Commissioner of Mental Health, et al., Respondents.

Calendar Date: December 13, 2018

Before: Garry, P.J., Egan Jr., Devine, Aarons and Pritzker, JJ.


Sheila E. Shea, Mental Hygiene Legal Service, Albany (Matthew Bliss of counsel), for appellant.
Letitia James, Attorney General, Albany (Jennifer L. Clark of counsel), for respondent.



MEMORANDUM AND ORDER
Aarons, J.
Appeal from a judgment of the Supreme Court (Farley, J.), entered August 8, 2017 in St. Lawrence County, which dismissed petitioner's application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to review a determination of respondent Commissioner of Mental Health denying petitioner's objection to his care and treatment in a sex offender treatment program.
Petitioner, an adjudicated dangerous sex offender, is presently confined at St. Lawrence Psychiatric Center (hereinafter SLPC), where he participates in a sex offender treatment program. Petitioner, a native of Puerto Rico, has mental health and cognitive limitations and, although he can speak Spanish, he cannot write or read in Spanish or English. Due to his mental health and cognitive issues, petitioner, in December 2015, lodged an objection to his care and treatment under 14 NYCRR 27.8 (a). In particular, he objected to those aspects of his care that were "founded in reading and writing because he [did] not possess basic literacy skills" and that his progress "should not be assessed based upon the acquisition of knowledge and information throughout written texts." Petitioner also claimed that the sex offender treatment curriculum should be adapted to meet his language ability. The Chief of Service at SLPC responded to petitioner's objection, stating that petitioner was "making consistent and measurable progress in multiple areas" and that his needs were being met. Petitioner's administrative appeal was thereafter denied in February 2016 by SLPC's Executive Director, who noted that petitioner's treatment "ha[d] been tailored to his needs including not measuring his progress on his written abilities." Petitioner thereafter appealed to respondent Commissioner of Mental Health, whose designee ultimately agreed with the positions of the Chief of Service and Executive Director and noted that petitioner was "making progress in his treatment."
Petitioner commenced this combined proceeding pursuant to CPLR article 78 and action for declaratory judgment challenging said determination. Petitioner was thereafter [*2]evaluated by a Spanish-speaking psychologist, after which he filed an amended petition incorporating the report prepared by the psychologist. Respondents answered and sought dismissal of the amended petition. Following oral argument, Supreme Court dismissed the petition, prompting this appeal by petitioner. We affirm.
We are unpersuaded by petitioner's challenge to the adequacy of the interpreting services offered at SLPC. In his December 2015 objection, petitioner asserted that "the usual interpreter will be absent for seven weeks" and inquired whether a substitute interpreter would be provided. The record discloses, however, that since the filing of his objection, two live interpreters are available for three hours on Mondays and for four hours a day from Tuesday to Friday during treatment hours, and telephone interpreting services are accessible 24 hours a day. Petitioner's challenge to the adequacy of the treatment provided to him is likewise without merit inasmuch as the record reveals that petitioner's treatment was tailored to meet his language ability and he was making progress in his treatment. Accordingly, we cannot say that the Commissioner's determination was arbitrary or capricious (see generally Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]). To the extent that petitioner requested a clinical evaluation by a Spanish-speaking psychologist to assess his level of intellectual functioning, he has abandoned any argument with respect thereto by failing to raise it in his brief (see Matter of Nitti v County of Tioga, 149 AD3d 1332, 1332 [2017]).
Petitioner also contends that he should be transferred to a Mental Hygiene Law article 9 hospital. We disagree. There is no dispute that petitioner was adjudicated to be a dangerous sex offender requiring confinement under Mental Hygiene Law article 10 and, therefore, he must be "committed to a secure treatment facility" (Mental Hygiene Law § 10.07 [f]; see State of N.Y. ex rel. Harkavy v Consilvio, 8 NY3d 645, 652 [2007]; Matter of State of New York v Little Luke KK., 72 AD3d 135, 139-140 [2010], lv denied 15 NY3d 702 [2010]). As such, Supreme Court properly dismissed that part of the petition requesting a transfer from a Mental Hygiene Law article 10 secure facility to a Mental Hygiene Law article 9 hospital. Petitioner's remaining contentions, to the extent not specifically discussed herein, have been examined and are without merit.
Garry, P.J., Egan Jr., Devine and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed, without costs.