Matter of Robinson v DiNapoli (2019 NY Slip Op 03432)





Matter of Robinson v DiNapoli


2019 NY Slip Op 03432


Decided on May 2, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 2, 2019

527395

[*1]In the Matter of W. CHARLES ROBINSON, Appellant-Petitioner,
v
THOMAS P. DiNAPOLI, as State Comptroller, et al., Respondents-Respondents.

Calendar Date: March 20, 2019

Before: Garry, P.J., Egan Jr., Devine, Aarons and Pritzker, JJ.


C. Robinson & Associates, LLC, New York City (W. Charles Robinson of counsel), for appellant-petitioner.



MEMORANDUM AND ORDER
Aarons, J.
(1) Appeal from an order of the Supreme Court (Zwack, J.), entered February 1, 2018 in Albany County, which, in a proceeding pursuant to CPLR article 78, denied petitioner's motion for summary judgment, and (2) proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller denying petitioner's request for recalculation of his retirement benefits.
Petitioner worked as the Village Attorney for the Village of Hempstead, Nassau County from 1999 through 2005. He was appointed by the then-Mayor, and his appointment was approved by resolutions that were adopted by the then-Village Board of Trustees. Pursuant to such resolutions, petitioner was to be paid a base salary of $28,500 per year as well as "reasonable additional compensation based on unusual or extraordinary services" that extended to litigation-related matters. While he was the Village Attorney, petitioner was also the principal of a law firm that performed legal work for the Village, sometimes directly and other times through a third-party administrator that managed the Village's liability claims. Petitioner's tenure as the Village Attorney ended when a new Mayor was elected.
In December 2006, petitioner filed an application for service retirement benefits with the New York State and Local Retirement System. Although the Retirement System initially denied his application on the ground that he was an independent contractor, he contested this determination and it was subsequently reversed. In September 2014, the Retirement System issued a revised determination recalculating petitioner's retirement benefits based on his annual salary as the Village Attorney. The revised determination stemmed from salary adjustments provided by the Village. Petitioner objected to the recalculation as failing to take into account the additional compensation that he received above his annual salary, and he requested a hearing. Following a prolonged hearing, a Hearing Officer upheld the Retirement System's recalculation, finding that there was no proof to support petitioner's claim that the adjustments reported by the [*2]Village were politically motivated and that, in any event, such hearing was not the proper forum for petitioner to resolve his issues with the Village. Respondent Comptroller adopted the Hearing Officer's decision.
Petitioner, acting pro se, commenced this CPLR article 78 proceeding challenging the Comptroller's determination. Petitioner thereafter moved to join additional respondents — namely, respondent Wayne J. Hall Sr., the current Mayor of the Village of Hempstead, and respondent Board of Trustees of the Village of Hempstead (hereinafter collectively referred to as the Village respondents). Supreme Court granted the motion, and petitioner filed an amended verified petition. Following joinder of issue, petitioner moved pursuant to CPLR 3212 and 7804 (g) for "summary determination" on its claims made solely against the Village respondents. Supreme Court denied the motion and transferred the proceeding to this Court for review (see CPLR 7804 [g]). Petitioner also appeals.[FN1]
Petitioner's sole argument is that Supreme Court erred in denying his motion for "summary determination." Given that petitioner's motion was directed only to the Village respondents and not to the Comptroller, such motion is not a proper avenue for petitioner to obtain summary relief on any of his claims raised with respect to the Comptroller's determination. More critically, by limiting his contentions to the claims asserted against the Village respondents, petitioner has abandoned any argument that the Comptroller's determination was not supported by substantial evidence (see Matter of Nitti v County of Tioga, 149 AD3d 1332, 1332 [2017]). As such, the Comptroller's determination must be confirmed.
Regarding the motion for "summary determination," petitioner asserts that the denials in the Village respondents' answer were improper and, therefore, the allegations in the amended petition must be deemed admitted. We disagree. Petitioner takes issue with the fact that most of the denials in the Village respondents' answer took the form of "[d]enies any knowledge or information sufficient to form a belief as to each and every allegation." Under the circumstances of this case, we find that such denials were not improper such that they may be deemed admissions (compare Gilberg v Lennon, 193 AD2d 646, 646 [1993]). Furthermore, contrary to petitioner's argument, his affidavit submitted in support of his motion does not establish a prima facie case. In his affidavit, petitioner reiterated the allegations in the amended petition and reasserted his claim that the Village respondents' denials were improper. Because petitioner failed to satisfy his threshold burden of demonstrating entitlement to judgment as a matter of law on his claims asserted against the Village respondents, we find that Supreme Court correctly denied his motion for "summary determination."
Finally, in view of our determination confirming the Comptroller's determination, any remaining claims asserted against the Village respondents are not the proper subject of a CPLR article 78 proceeding. Accordingly, any claims alleged against the Village respondents must be severed from the amended petition and such matter must be converted to a plenary action (see CPLR 103 [c]). Petitioner's remaining arguments, to the extent not specifically addressed herein, have been considered and are without merit.
Garry, P.J., Egan Jr., Devine and Pritzker, JJ., concur.
ORDERED that the appeal from the order is dismissed, without costs.
ADJUDGED that (1) the claims in the amended petition asserted against respondents Wayne J. Hall Sr. and Board of Trustees of the Village of Hempstead are severed and converted to a plenary action, and remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision, and (2) the determination is confirmed, without costs, and amended petition dismissed to that extent.



Footnotes

Footnote 1: Although petitioner filed a notice of appeal from the order denying his motion for "summary determination," such appeal must be dismissed because no appeal lies as of right from a nonfinal order in a CPLR article 78 proceeding (see CPLR 5701 [b] [1]). We may nevertheless review those issues raised regarding said order within the context of the transferred proceeding (see Matter of Fischer v Nyack Hosp., 140 AD3d 1264, 1265 n 2 [2016]).