Deutsche Bank Natl. Trust Co. v Williams (2019 NY Slip Op 08372)





Deutsche Bank Natl. Trust Co. v Williams


2019 NY Slip Op 08372


Decided on November 19, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 19, 2019

Friedman, J.P., Renwick, Richter, Mazzarelli, Oing, JJ.


10378 380671/08 -HE5, 2007

[*1] Deutsche Bank National Trust Company as Trustee for Morgan Stanley ABS Capital I Inc. Trust 2007-HE5 Mortgage Pass-Through Certificates, Series Plaintiff-Respondent,
v
Percival Williams, et al., Defendants, Hilda Williams, Defendant-Appellant.


Hilda Williams, appellant pro se.
Parker Ibrahim & Berg LLP, New York (Christopher P. Spina of counsel), for respondent.



Order, Supreme Court, Bronx County (Doris M. Gonzalez, J.), entered on or about February 26, 2019, which denied defendant Hilda Williams's motion to vacate an order, same court (Wilma Guzman, J.), entered October 19, 2016, upon her default, granting plaintiff's motion for summary judgment and the appointment of a referee, and a judgment of foreclosure and sale, same court (Ben R. Barbato, J.), entered on or about April 11, 2018, unanimously affirmed, without costs.
Defendant's motion, brought in January 2019, for vacatur on the ground of newly discovered evidence of fraud or misrepresentation (CPLR 5015[a][2], [3]) was properly denied, as defendant submitted no such evidence. The evidence on which she relies, i.e., federal and state agencies' public announcements of their settlements with plaintiff's former counsel's law firm in connection with abuses in its foreclosure-related legal work made in October 2011 and March 2012, could have been timely submitted in opposition to plaintiff's motion for summary judgment (see Olwine, Connelly, Chase, O'Donnell & Weyher v Valsan, Inc., 226 AD2d 102, 103 [1st Dept 1996]). Defendant submitted no evidence in support of her contention that the law firm manufactured an assignment of mortgage and backdated it; her assertions in this regard are "bare accusation with no evidentiary proof" (see Wells Fargo Bank N.A. v Ho-Shing, 168 AD3d 126, 131 [1st Dept 2019]; Thakur v Thakur, 49 AD3d 861 [2d Dept 2008]). Moreover, defendant failed to allege fraud within a reasonable time after the entry of the judgment (see Mark v Lenfest, 80 AD3d 426 [1st Dept 2011]; see also Deutsche Bank Natl. Trust Co. v Lopez, 148 AD3d 475 [1st Dept 2017]).
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 19, 2019
DEPUTY CLERK