11-1057-cv
Hunt v. Klein

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of April, two thousand twelve.

PRESENT:
> JON O. NEWMAN,
> ROBERT A. KATZMANN,
> BARRINGTON D. PARKER,
> *Circuit Judges.*

------------------------------------------------------------

Sheldon Lamar Hunt,

> *Plaintiff-Appellant*,

> v.                                                                 11-1057-cv

Joel Klein, Chancellor, New York City Department
of Education,

> *Defendant-Appellee*.

------------------------------------------------------------

FOR PLAINTIFF-APPELLANT:        Sheldon Lamar Hunt, *pro se*, New York, N.Y.

FOR DEFENDANT-APPELLEE:         Alyse Fiori, Special Assistant Corporation Counsel
                                (Pamela Seider Dolgow, Assistant Corporation
                                Counsel, *on the brief*), *for* Michael A. Cardozo,
                                Corporation Counsel of the City of New York, New
                                York, N.Y.

Appeal from the judgment of the United States District Court for the Southern District of New York (Daniels, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Sheldon Hunt, proceeding *pro se*, appeals from the district court's judgment dismissing his complaint brought pursuant to the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), 38 U.S.C. §§ 4301 *et seq*. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review the district court's grant of a Rule 12(b)(6) motion to dismiss de novo, accepting all factual claims in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Famous Horse Inc. v. 5th Ave. Photo Inc.*, 624 F.3d 106, 108 (2d Cir. 2010). To survive a Rule 12(b)(6) motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 129 S. Ct. at 1949. A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Additionally, while *pro se* complaints must contain sufficient factual allegations to meet the plausibility standard, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), we look for such allegations by reading the complaint with "special solicitude" and interpreting it to raise the strongest claims it suggests, *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (quoting *Routolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994)).

We have conducted a *de novo* review of the record in light of these standards and now affirm for substantially the reasons set forth in the district court's memorandum decision and order. *See Hunt v. Klein*, 10 Civ. 2778 (GBD), 2011 WL 651876 (S.D.N.Y. Feb. 10, 2011). The district court properly concluded that Hunt lacked standing to assert individual claims on the basis of alleged violations of the collective bargaining agreement between his union and the New York City Department of Education. *See United States v. Brennan*, 650 F.3d 65, 123 (2d Cir. 2011) ("Unless there is a breach of the duty of fair representation, 'an individual union member normally lacks standing to enforce the terms of a collective bargaining agreement between the union and the employer.'") (quoting *Spano v. Kings Park Cent. Sch. Dist.*, 877 N.Y.S.2d 163, 167 (N.Y. App. Div. 2009)). Moreover, Hunt's conclusory allegations that various employment actions taken against him violated USERRA were insufficient to state a claim under that statute because he provided no supporting facts upon which it could plausibly be inferred that his military service or any protected activity was a "substantial or motivating factor in the adverse [employment] action[s]." *NLRB v. Transportation Management*, 462 U.S. 393, 401 (1983).

Although we generally disfavor the dismissal of *pro se* complaints without leave to replead, an opportunity to amend is not required if amendment would be futile. *See Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003). Here, we have independently determined that providing Hunt with an opportunity to amend his complaint would be futile in light of the August 2010 decision rendered in his N.Y. Educ. Law § 3020-a proceeding. In that decision, the hearing officer determined that Hunt was guilty of each of the allegations of misconduct that formed the basis of his removal from the classroom and his ultimate termination. We have previously held that the "Section 3020-a hearing is an administrative adjudication that must be given preclusive

3

effect" by federal courts. *Burkybile v. Bd. of Educ.*, 411 F.3d 306, 311-12 (2d Cir. 2005). Although Hunt was informed of the pendency of the proceedings and given an opportunity to respond to the allegations, he specifically informed the hearing officer that he did not wish to contest the proceedings. He was provided with a full and fair opportunity to litigate the misconduct charges, but he did not take advantage of that opportunity. *See Curry v. City of Syracuse*, 316 F.3d 324, 332 (2d Cir. 2003) (holding that collateral estoppel applied when the litigant had the opportunity to call witnesses, testify, present evidence, and cross-examine adverse witnesses at the prior hearing, but chose not to exercise all of these options); *see also Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 485 (1982) (consideration whether a state judgment should have preclusive effect on a subsequent federal action and concluding that plaintiff's "fail[ure] to avail himself of the full procedures provided by state law does not constitute a sign of their inadequacy"); *Creinis v. Hanover Ins. Co.*, 872 N.Y.S. 2d 544, 548 (2d Dep't 2009) (holding that collateral estoppel applied where a plaintiff was made a party to a proceeding to stay arbitration and "inexcusably failed to participate in that proceeding"). It is thus clear that a remand to provide Hunt an opportunity to amend his complaint would be futile because he would be precluded from arguing that the adverse employment actions he suffered were motivated by his membership in the armed forces, rather than his actual misconduct. *See Staub v. Proctor Hosp.*, 131 S. Ct. 1186, 1193 (2011) ("[I]f the employer's investigation results in an adverse action for reasons unrelated to the supervisor's original biased action . . . , then the employer will not be liable [under USERRA].")).

4

Finally, in his reply brief, Hunt attempts to raise a 42 U.S.C. § 1983 due process claim regarding the procedures utilized in his N.Y. Educ. Law § 3020-a hearing. Although Hunt argued in the district court that the § 3020-a proceeding was improper because he was never afforded a probable cause hearing and was forced to appear at one hearing without an attorney, he never cast these arguments in terms of a freestanding constitutional due process violation. Instead, he asserted only that the proceedings violated § 3020-a itself and provisions of his collective bargaining agreement, and that his ultimate termination following the § 3020-a proceeding supported his USERRA claim. Accordingly, it was not error for the district court to dismiss Hunt's challenge to the § 3020-a proceeding on the ground that the only statutory avenue to appeal the hearing officer's decision was via an Article 75 petition filed in the New York Supreme Court. *See* N.Y. Educ. Law § 3020-a(5) ("Not later than ten days after receipt of the hearing officer's decision, the employee or the employing board may make an application to the New York state supreme court to vacate or modify the decision of the hearing officer pursuant to [N.Y. C.P.L.R. § 7511]."). Moreover, because his § 1983 claim was not raised below, we decline to consider the issue on appeal. *See Virgilio v. City of N.Y.*, 407 F.3d 105, 116 (2d Cir. 2005) ("In general we refrain from passing on issues not raised below." (internal quotation marks omitted)).

We have considered all of Hunt's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk