14-3912
Mazur v. New York City Department of Education et al.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of November, two thousand fifteen.

PRESENT: DENNIS JACOBS,
　　　　　PIERRE N. LEVAL,
　　　　　　　　　　　<u>Circuit Judges</u>.
　　　　　GEOFFREY W. CRAWFORD,[*]
　　　　　　　　　　　<u>District Judge</u>.

- - - - - - - - - - - - - - - - - - - -X
JOAN MAZUR,
　　　　<u>Plaintiff-Appellant</u>,

　　　　-v.-                                    14-3912

NEW YORK CITY DEPARTMENT OF EDUCATION
et al.,
　　　　<u>Defendants-Appellees</u>.
- - - - - - - - - - - - - - - - - - - -X

---

[*] The Honorable Geoffrey W. Crawford, United States District Judge for the District of Vermont, sitting by designation.

**FOR APPELLANT:**            STEVEN A. MORELLI, LAW OFFICE OF
                             STEVEN A. MORELLI, Garden City,
                             New York.

**FOR APPELLEES:**           MICHAEL J. PASTOR (with Richard
                             Dearing <u>on the brief</u>) <u>for</u>
                             Zachary W. Carter, Corporation
                             Counsel of the City of New York,
                             New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Torres, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Joan Mazur appeals from the judgment of the United States District Court for the Southern District of New York (Torres, <u>J.</u>) dismissing her discrimination complaint on summary judgment. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

"We review a district court's grant of summary judgment *de novo*, construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor." <u>Allianz Ins. Co. v. Lerner</u>, 416 F.3d 109, 113 (2d Cir. 2005).

**1.** A number of Mazur's claims, including claims asserted under § 1983, the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL") were dismissed on the ground of collateral estoppel because these claims were litigated during Mazur's hearing pursuant to N.Y. EDUC. § 3020-a (hereinafter "§ 3020-a"). Because such a hearing is "an administrative adjudication, we must give its findings preclusive effect." <u>Burkybile v. Bd. of Educ. of Hastings-On-Hudson Union Free Sch. Dist.</u>, 411 F.3d 306, 311 (2d. Cir. 2005). This accords with the general principle that "New York courts will give administrative determinations preclusive effect if made in a quasi-judicial capacity and with a full and fair opportunity to litigate the issue." <u>Id.</u> at 312.

During the hearing, Mazur presented both of her discrimination theories, arguing that her supervisors'

2

criticisms and charges were mere pretexts for discrimination. A. 140-41, 163-64. The hearing officer, after a full and fair litigation, determined that Mazur was subject to discipline because of, inter alia, her excessive absenteeism, poor teaching, and failure to improve in response to the recommendations of her supervisors. A. 130-31, 182-89. Defendants advance these findings as legitimate, non-discriminatory reasons for their actions. Absent evidence sufficient to support a reasonable finding of discriminatory motivation--which, as we conclude below, is lacking--we must accept the hearing officer's determination that Mazur was guilty of the charged conduct and disciplined for these legitimate reasons.

Mazur argues against this preclusive effect on the ground that there is an insufficient opportunity for discovery in a § 3020-a proceeding. We reject her argument, as did the district court, because she neither identifies any discovery demand she made in the § 3020-a proceeding that was rejected nor points to any subsequently available evidence that could have changed the result. See Special Appendix ("SPA") 15 ("Here, [p]laintiff does not point to any deficiencies in the discovery in connection with the 3020-a hearing, and tellingly, [p]laintiff does not provide any additional evidence in her moving papers that post-dates the 3020-a hearing or demonstrates that the discovery in the 3020-a hearing was somehow deficient.").

**2.** Mazur challenges the grant of summary judgment on her claims under the Age Discrimination in Employment Act ("ADEA") and Americans with Disabilities Act ("ADA"). Because her employer provided non-discriminatory reasons for the disciplinary action taken towards Mazur, the presumption in Mazur's favor established by McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973) "completely drops out of the picture." James v. N.Y. Racing Ass'n, 233 F.3d 149, 154 (2d Cir. 2000) (internal quotation marks omitted).

We agree with the district court that Mazur failed to make out a sufficient case under the ADEA because Mazur does not point to evidence from which a jury could draw a reasonable inference of age discrimination. The district court concluded that Mazur had failed to rebut defendants' reasons, and Mazur has not specifically addressed this finding on appeal. SPA 21. And assuming her sprained ankle is a disability under the ADA, Mazur failed to adduce evidence of discrimination to rebut her employer's

3

identification of legitimate nondiscriminatory reasons for her discipline.

**3.**  Mazur argues that summary judgment should not have been granted on her ADEA and ADA hostile work environment claims.  An "actionable discrimination claim based on hostile work environment . . . is one for which the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently pervasive to alter the conditions of the victim's employment . . . . ." Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 240 (2d Cir. 2007) (internal quotation marks omitted).  In view of the stringent standard governing hostile work environment claims and the fact that summary judgment was properly granted on Mazur's ADEA and ADA discrimination claims, the district court correctly determined that Mazur's hostile work environment claims were unsupported by the record.

**4.**  As to Mazur's First Amendment retaliation claim, the district court properly found that summary judgment was warranted because Mazur's complaints did not address a matter of public concern.  See Ruotolo v. City of New York, 514 F.3d 184, 188 (2d Cir. 2008).  As to Mazur's Equal Protection, ADA, ADEA, and NYSHRL retaliation claims, summary judgment was proper because Mazur "has offered insufficient evidence of causation linking [her] [suspension] to motives of retaliation or discrimination to overcome the cumulative probative weight of the evidence of a legitimate reason for [her] discharge and of the final termination decision" rendered during the § 3020-a hearing. Collins v. New York City Transit Authority, 305 F.3d 113, 119 (2d Cir. 2002).  As to the NYCHRL retaliation claim: even construed broadly in Mazur's favor, these claims fail for a lack of the requisite causal link between Mazur's complaints and any alleged retaliatory action.  Moreover, the record contains numerous non-retaliatory reasons for any action taken against Mazur.  See Mihalik v. Credit Agricole Cheuvreux North America Inc., 715 F.3d 102, 110 n.8 (2d Cir. 2013) (noting that summary judgment is appropriate if "the record establishes as a matter of law that discrimination play[ed] *no* role" in employer's actions) (internal quotation marks omitted).

4

For the foregoing reasons, and finding no merit in Mazur's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK