■ In the Matter of PAUL JOHN FERRARO, Appellant, v CARMEN FARINA et al., Respondents. [69 NYS3d 266]—

Judgment, Supreme Court, New York County (Joan B. Lobis, J.), entered July 29, 2016, dismissing the proceeding, and bringing up for review a decision and order, same court and Justice, entered April 22, 2016, which, to the extent appealed from as limited by the briefs, denied the petition brought pursuant to CPLR article 75, seeking to vacate the opinion and award of respondents, dated August 3, 2015, terminating petitioner's employment, unanimously affirmed, without costs.

Education Law § 3020-a (5) provides that upon judicial review an arbitration award shall be vacated only upon a find-

ing of one or more of the grounds cited at CPLR 7511 (b) (1) (misconduct in procuring an award; arbitrator bias; arbitrator exceeding its power; procedural defects). Where, as here, the parties have submitted to compulsory arbitration "judicial scrutiny is stricter than that for a determination [made in a] voluntary arbitration . . . [and] the determination must be in accord with due process and supported by adequate evidence, and must also be rational and satisfy the arbitrary and capricious standards of CPLR article 78. The party challenging [the] determination has the burden of showing its invalidity" (*Matter of Asch v New York City Bd./Dept. of Educ.*, 104 AD3d 415, 418-419 [1st Dept 2013] [internal quotation marks, brackets and citations omitted]).

The court properly upheld the hearing officer's determination which was amply supported by the record. Petitioner admitted to specifications 5 through 8. With respect to other specifications upheld, the school administrators cited numerous examples of petitioner's pedagogical deficiencies which were noted in many formal and informal observations, and the extensive unsuccessful efforts to assist him to improve. Petitioner's assessment of the quality of his lessons was insufficient to overcome this testimony and the documentation of his deficiencies (*see Matter of Benjamin v New York City Bd./Dept. of Educ.*, 105 AD3d 677, 678 [1st Dept 2013]).

The standard for reviewing a penalty imposed after a hearing pursuant to Education Law § 3020-a is whether the punishment of dismissal was so disproportionate to the offenses as to be shocking to the court's sense of fairness (*see Matter of Asch* at 421). Termination of petitioner's employment does not shock the conscience in that the attempts to improve his performance, which extended over a two to three year period, were largely unsuccessful. Moreover, his testimony demonstrated that he did not believe that his pedagogical technique was deficient (*see Matter of Ajeleye v New York City Dept. of Educ.*, 112 AD3d 425, 425-426 [1st Dept 2013]).

The record does not include evidence that respondents discriminated against petitioner or retaliated against him when he complained, and he admitted that his requests for accommodations were largely granted. Concur—Acosta, P.J., Richter, Mazzarelli, Andrias and Gesmer, JJ.