17-3456 (L)
Ferraro v. N.Y.C. Dep't of Educ.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 9th day of November, two thousand eighteen.

PRESENT:  REENA RAGGI,
           GERARD E. LYNCH,
           CHRISTOPHER F. DRONEY,
              *Circuit Judges*.

_____

PAUL FERRARO,

       *Plaintiff-Appellant*,

      v.                              Nos. 17-3456, 17-3458

THE NEW YORK CITY DEPARTMENT OF EDUCATION, RALPH K. HONORE, AND MARC SLIPPEN,

       *Defendants-Appellees*.

_____

FOR PLAINTIFF-APPELLANT:    ALAN E. WOLIN, Wolin & Wolin, Jericho, NY.

FOR DEFENDANTS-APPELLEES:    ELLEN RAVITCH, Assistant Corporation Counsel (Richard Dearing, Devin Slack, Assistant Corporation Counsels, *on the brief*), *for* Zachary W. Carter, Corporation Counsel of the City of New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (DeArcy Hall, *J.*), following an order granting summary judgment to the Defendants-Appellees.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiff-Appellant Paul Ferraro appeals from a September 30, 2017, order of the United States District Court for the Eastern District of New York granting summary judgment in favor of Defendants-Appellees The New York City Department of Education ("DOE"), Ralph K. Honore, and Marc Slippen on Ferraro's claims of disability discrimination, retaliation, and hostile work environment pursuant to the Americans with Disabilities Act of 1990 ("ADA"), New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a grant of summary judgment *de novo*, "view[ing] the evidence in the light most favorable to the party opposing summary judgment, . . . draw[ing] all reasonable inferences in favor of that party, and . . . eschew[ing] credibility assessments." *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 122 (2d Cir. 2004) (internal quotation marks omitted). "Summary judgment is appropriate only if the moving party shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003).

Paul Ferraro was a teacher for New York City public schools from 1997 until his employment was terminated in 2015. The DOE brought nine counts of incompetency and misconduct against Ferraro in 2014 based on charges dating to the 2011–12, 2012–13, and 2013–14 school years, as well as particular misconduct charges relating to those school years. In 2015, seven days of administrative hearings were held pursuant to New York Education Law § 3020-a, after which the hearing officer issued findings sustaining most of the charges, determined that Ferraro's employment should be terminated, and found that the "record d[id] not support the claim of retaliation or the claim that the observations and ratings were wrongfully motivated." App'x at 685. Ferraro's employment was accordingly terminated effective August 3, 2015.

The New York State Supreme Court denied Ferraro's petition to vacate or modify the 3020-a decision in an order and judgment dated April 11, 2016. The Appellate Division affirmed the Supreme Court on December 27, 2018, stating that the "hearing officer's determination . . . was amply supported by the record," that the "record [did] not include evidence that respondents discriminated against [Ferraro] or retaliated against him when he complained," and that Ferraro's "requests for accommodations were largely granted." *Ferraro v. Farina*, 69 N.Y.S.3d 266, 267 (N.Y. App. Div. 2017). After filing charges of disability discrimination with the Equal Employment Opportunity Commission and

2

receiving right-to-sue letters, Ferraro filed complaints in the district court in 2013 and 2015. The actions were later consolidated.

The district court held that Ferraro's discrimination and retaliation claims were collaterally estopped by the findings of the § 3020-a proceeding and that Ferraro had failed to create a triable issue as to his claims for hostile work environment. The district court also found, in the alternative, that Ferraro had failed to establish a *prima facie* case as to his discrimination and retaliation claims. Ferraro challenges each of these rulings on appeal.

### 1. Claims Precluded by Collateral Estoppel

We first consider whether some or all of Ferraro's claims are barred by collateral estoppel. The doctrine bars the re-litigation of an issue that was previously decided, regardless of whether the two proceedings are based on the same cause of action. *Postlewaite v. McGraw-Hill*, 333 F.3d 42, 48 (2d Cir. 2003).

We generally give preclusive effect to a state agency's administrative findings if the state's courts would do the same. *Burkybile v. Bd. of Educ. of Hastings-On-Hudson*, 411 F.3d 306, 311–12 (2d Cir. 2005). In *Burkybile*, we observed that New York courts afford preclusive effect to "administrative determinations . . . if made in a quasi-judicial capacity and with a full and fair opportunity to litigate the issue." *Id*. We determined that section 3020-a proceedings satisfy these requirements, and so we give them preclusive effect as to most claims.[1] *Id*.; *Hunt v. Klein*, 476 F. App'x 889, 891–92 (2d Cir. 2012) (summary order). However, as to certain federal civil rights claims, including those brought under Title VII and the ADA, there is an additional prerequisite: We give preclusive effect only to a state agency's findings that have been judicially reviewed. *Solimino v. Astoria Fed. Sav. & Loan Ass'n*, 901 F.2d 1148, 1150 (2d Cir. 1990) (citing *Univ. of Tenn. v. Elliott*, 478 U.S. 788, 795–96 (1986)); *see Joseph v. Athanasopoulous*, 648 F.3d 58, 64 n.6 (2d Cir. 2011) (agreeing that the Supreme Court's holding in *Elliott*, 478 U.S. at 795–96, applies to ADA claims).

In addition, for findings from a 3020-a proceeding to preclude re-litigation of an issue, "the issue must have been material to the . . . proceeding and essential to the decision rendered therein." *Burkybile*, 411 F.3d at 313 (quoting *Ryan v. N.Y. Tel. Co.*, 467 N.E.2d 487, 500 (N.Y. 1984)). Our decision in *Mazur v. New York City Department of Education*, 621 F. App'x 88, 89 (2d Cir. 2015) (summary order), is instructive on this point. There, the DOE brought similar charges against a teacher in a section 3020-a proceeding. *Id*. The appellant had presented discrimination theories as defenses to the charges, and the hearing officer rejected them, finding that the appellant was subject to discipline for justified

---

[1] Ferraro has not advanced any argument to suggest that his particular 3020-a proceedings failed to provide a full and fair opportunity to litigate the issues at hand.

reasons. *Id.* We viewed this finding as sufficiently material and essential to the 3020-a decision so as to preclude re-litigation of the appellant's claims under 42 U.S.C. § 1983,[2] the NYSHRL, and the NYCHRL. *See id.*

Here, Ferraro admits that he raised disability discrimination- and retaliation-based defenses in the 3020-a proceeding. He also does not dispute that the hearing officer made findings sufficient to defeat the claims for discrimination and retaliation in this case, nor that—for purposes of his ADA claims—the findings were judicially reviewed. Ferraro argues, however, that these defenses were not "key components" on which he "heavily relied." App. Br. at 11–12. By this, we understand Ferraro to contend that he did not rely exclusively on these defenses. And so, in his view, the defenses were not litigated, nor were they essential to the 3020-a proceedings.

We agree with the district court that these defenses were litigated and resolved in the administrative proceeding. There is no dispute that Ferraro raised these defenses, the hearing officer considered and addressed them, and that, if the hearing officer had credited one or more of the them, Ferraro could have prevailed. Thus, as in *Mazur*, 621 F. App'x at 89, the issues were sufficiently litigated and essential to warrant preclusive effect.

Ferraro also argues that his claims of discrimination and retaliation are broader in scope than those considered at the 3020-a hearing "and go far beyond his termination." App. Br. at 13. In support, he points, without further explanation, to over forty paragraphs in his Local Rule 56.1 Statement of Facts. We generally decline to "scour the record" to construct arguments on a party's behalf, *Sioson v. Knights of Columbus*, 303 F.3d 458, 460 (2d Cir. 2002), and we will not do so here. Accordingly, that argument is deemed waived. In any event, we identify no error in the district court's conclusion that Ferraro's "claims are not substantiated by admissible evidence . . . [and] there is no support in the record that [Ferraro] was treated worse than other teachers because of his disability." *Ferraro v. N.Y.C. Dep't of Educ.*, 13-cv-5837 (LDH) (JO), 15-cv-1117 (LDH) (JO), 2017 WL 4402436, at *18 (E.D.N.Y. Sept. 30, 2017).

The district court's grant of summary judgment as to Ferraro's claims of discrimination and retaliation under the ADA, NYSHRL, and NYCHRL was therefore proper.

2. Claims for Hostile Work Environment

Ferraro has also failed to properly support his claims for hostile work environment on appeal. Rather than cite to specific facts, Ferraro merely "refers the Court to all of the

---

[2] The Supreme Court held in *Elliott*, 478 U.S. at 795–96, that a state agency's findings need not be judicially reviewed in order to give them preclusive effect as to claims brought under § 1983. *Solimino*, 901 F.2d at 1150.

4

allegations" in his Local Rule 56.1 Statement of Facts. App. Br. at 42. This argument, too, is deemed waived. *See Sioson*, 303 F.3d at 460.

### 3. ADA Claim for Failure to Accommodate

Ferraro also contends that the district court improperly granted summary judgment as to his ADA claim for failure to accommodate. As an initial matter, it does not appear that the district court considered such a claim, as distinct from Ferraro's claims that he faced adverse employment action on account of his disability. Nor did Ferraro explicitly raise a failure-to-accommodate claim in his operative complaints.

In any event, Ferraro's failure-to-accommodate claim would be barred by collateral estoppel. To succeed on such a claim, Ferraro must prove that, *inter alia*, he could have performed the essential functions of the job at issue if provided reasonable accommodations. *McBride v. BIC Consumer Prods. Mfg. Co., Inc.*, 583 F.3d 92, 96–97 (2d Cir. 2009). Here, the 3020-a hearing officer considered Ferraro's defense that the appellees had provided insufficient accommodations for his disabilities. The hearing officer found the record "devoid of evidence" that any reasonable accommodation would cure the "deficiencies established by the Department," including Ferraro's failure to "perform the essential aspect of his job, which is to teach and to provide a valid educational experience for his students." App'x at 686. As such, the hearing officer made a finding that conclusively precludes Ferraro from establishing a claim for failure to accommodate under the ADA.

The district court therefore properly granted summary judgment as to each of Ferraro's claims. We have considered Ferraro's remaining arguments and conclude they are without merit. Accordingly, the order of the district court is **AFFIRMED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court