Matter of Jackson v New York City Dept. of Educ. (2021 NY Slip Op 02221)





Matter of Jackson v New York City Dept. of Educ.


2021 NY Slip Op 02221


Decided on April 08, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 08, 2021

Before: Webber, J.P., Mazzarelli, González, Mendez, JJ. 


Index No. 657191/17 Appeal No. 13550 Case No. 2019-4739 

[*1]In the Matter of Sherry Ann Jackson, Petitioner-Appellant,
v
New York City Department of Education et al., Respondents-Respondents.


Stewart Lee Karlin Law Group, P.C., New York (Stewart Lee Karlin of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Tahirih M. Sadrieh of counsel), for respondent.



Judgment, Supreme Court, New York County (Alexander M. Tisch, J.), entered May 21, 2019, granting respondents' cross motion to dismiss the petition to vacate a November 24, 2017 arbitration award, which sustained charges of incompetence and misconduct and terminated petitioner's employment as a public school teacher, and dismissing this proceeding brought pursuant to CPLR article 75, unanimously affirmed, without costs.
The "determination sustaining charges of incompetency is amply supported by the evidence" (Matter of Johnson v Board of Educ. of the City Sch. Dist. of the City of N.Y., 171 AD3d 548, 548 [1st Dept 2019]). The evidence also showed that petitioner was "unwilling. . .to implement suggestions and constructive criticism of her ineffective teaching methods" (Matter of Benjamin v New York City Bd./Dept. of Educ., 105 AD3d 677, 678 [1st Dept 2013]). Similarly, the portion of the award sustaining various charges of misconduct was in accord with due process, rationally based and supported by adequate evidence (see Lackow v Department of Educ. [or "Board"] of City of N.Y., 51 AD3d 563, 567 [1st Dept 2008]). Each specification provided ample notice of the charges (compare Mayo v Personnel Review Board of Health & Hosps. Corp., 65 AD3d 470, 472-473 [1st Dept 2009]), and was sufficient to support the findings of guilt (Lackow at 567).
Notwithstanding petitioner's previously unblemished record, given, inter alia, her identified pedagogical shortcomings, lack of improvement, and student safety issues inherent in two of the sustained misconduct charges, the penalty of termination does not shock one's sense of fairness (see e.g. Matter of Johnson, 171 AD3d at 548-549; Matter of Ferraro v Farina, 156 AD3d 549, 550 [1st Dept 2017], lv denied 32 NY3d 902 [2018]; Matter of Broad v New York City Bd./Dept. of Educ., 150 AD3d 438 [1st Dept 2017]).
We have considered petitioner's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 8, 2021