Ferraro v New York City Dept. of Educ. (2021 NY Slip Op 06441)





Ferraro v New York City Dept. of Educ.


2021 NY Slip Op 06441


Decided on November 18, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 18, 2021

Before: Webber, J.P., Kern, González, Mendez, Shulman, JJ. 


Index No. 100229/12 Appeal No. 14631 Case No. 2020-03961 

[*1]Paul Ferraro, Plaintiff-Appellant,
v
New York City Department of Education et al., Defendants-Respondents.


Wolin & Wolin, Jericho (Alan E. Wolin of counsel), for appellant.
Georgia M. Pestana, Corporation Counsel, New York (Barbara Graves-Poller of counsel), for respondents.



Order, Supreme Court, New York County (Verna L. Saunders, J.), entered April 28, 2020, which, inter alia, granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
In 2012, plaintiff commenced this action following the termination of his employment by defendant New York City Department of Education (DOE) for "failing to follow procedures and carry out normal duties during the 2011-2012, 2012-2013, and 2013-2014 school years." Plaintiff alleged that defendants DOE, Ralph H. Honore, Marc C. Slippen and Lena Corso engaged in conduct constituting discrimination based on his disability, a hostile work environment, and retaliation based on his discrimination complaints, in violation of the New York State Human Rights Law (State HRL) (Executive Law §§ 296 and 297), and the New York City Human Rights Law (City HRL) (Administrative Code of City of NY § 8-107). In lieu of answering, defendants moved to dismiss the complaint. Plaintiff cross-moved for leave to amend and supplement the complaint.
In August 2012, Supreme Court granted DOE's motion to dismiss, concluding that the complaint as against DOE was untimely filed, based on the filing date of the notice of claim. The court next dismissed plaintiff's claims against the individual defendants, stating that his remaining allegations amounted to no more than "intermittent conduct that is not actionable."
This Court reversed and remanded, ruling that the allegations in the complaint, if proven, would constitute "a single continuing pattern of unlawful conduct extending into the one-year period immediately preceding the filing of the complaint" (Ferraro v New York City Dept. of Educ., 115 AD3d 497, 497-98 [1st Dept 2014]). Following the remand, plaintiff served an amended complaint.
In August 2015, plaintiff commenced an Article 75 proceeding seeking to vacate or modify the arbitration order. Supreme Court denied the petition, finding that the record was devoid of evidence indicating that the arbitrator's findings were irrational or without evidentiary support. This Court affirmed, stating that the record lacked "evidence that respondents discriminated against petitioner or retaliated against him when he complained," and that he admitted that his "requests for accommodations were largely granted" (Matter of Ferraro v FariÑa, 156 AD3d 549 [1st Dept 2017], lv denied 32 NY3d 902 [2018]).
Plaintiff also commenced two federal actions against DOE, Honore, and Slippen, in 2013 and 2015, in which he asserted claims under the Americans with Disabilities Act (ADA) and the State and City HRLs, based on events that occurred from 2007 onward. After those actions were consolidated, the District Court dismissed plaintiff's ADA claims against Honore and Slippen, and later granted defendants' motion for summary judgment dismissing all remaining causes of action (Ferraro v New York City Dept. of Educ., 404 F Supp 3d 691, 720 [ED NY 2017]). The District Court determined [*2]that the arbitrator's findings collaterally estopped plaintiff from re-litigating his discrimination and retaliation claims in federal court (id. at 709-10). The District Court also found, in the alternative, that plaintiff failed to establish a prima facie case as to his discrimination and retaliation claims.
Plaintiff appealed, arguing that his federal discrimination and retaliation claims were "broader in scope than those considered at the 3020-a hearing" and went "far beyond his termination," and, he maintained, were not precluded by the arbitrator's findings (see Ferraro v New York City Dept. of Educ., 752 Fed Appx 70, 74 [2d Cir 2018]). Rejecting plaintiff's arguments, the Second Circuit found that he failed to identify any distinctions to support that contention. The Second Circuit affirmed the District Court's application of collateral estoppel to plaintiff's discrimination and retaliation claims (id.). The court also dismissed plaintiff's hostile work environment claims under the State and City HRLs, since he failed to "cite to specific facts" to establish material, disputed issues (id.).
By notice dated May 13, 2019, defendants moved for summary judgment to dismiss the complaint in the still-pending Supreme Court action. Defendants argued that all of plaintiff's claims were barred by issue and claim preclusion, as they were fully adjudicated in one or more of plaintiff's previously determined proceedings and actions, as well as in the § 3020-a proceeding. Plaintiff opposed, arguing that his claims of discrimination and retaliation, which occurred during the 2010-2011 school year, were not pleaded in the prior proceedings, and that claim preclusion did not apply to the portions of the amended complaint that allege events occurring during 2010-11. Plaintiff also argued that his discrimination, retaliation, and hostile work environment claims should not be dismissed, as they were meritorious. Supreme Court granted defendants' motion for summary judgment and dismissed the complaint.
As stated by Supreme Court, the doctrine of res judicata bars plaintiff from relitigating the same causes of action decided against him in the previous proceedings (see Miller v Livanis, 189 AD3d 446, 447 [1st Dept 2020]). Plaintiff is also precluded from challenging defendants' actions in this matter under the doctrine of collateral estoppel. "When a party has been afforded a full and fair opportunity to litigate an issue and loses, collateral estoppel will bar him from litigating the issue a second time" (id.). The court also properly granted summary judgment to defendants on the merits as plaintiff's claims were not substantiated by admissible evidence and, as this Court has previously determined, there existed no record evidence that defendants "discriminated against plaintiff or retaliated against him when he complained, and he admitted that his requests for accommodations were largely granted" (Matter of Ferraro v Fariña, 156 AD3d at 550).
We have [*3]considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 18, 2021