22-1478-pr
*Brookins v. Laureano*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of October, two thousand twenty-three.

PRESENT:

> JON O. NEWMAN,
> EUNICE C. LEE,
> SARAH A. L. MERRIAM,
>
> *Circuit Judges.*

------------------------------------------------------------------

BRIAN DWAYNE BROOKINS,

> *Plaintiff-Appellant,*

v.                                                                No. 22-1478-pr

JONATHAN LAUREANO,

> *Defendant-Appellee,*

SALVATORE AMATO,

> *Defendant.*

------------------------------------------------------------------

For Plaintiff-Appellant:                    SCOTT A. KORENBAUM,
                                            New York, NY.

For Defendant-Appellee:                     PATRICK BEATH, Spencer Ash, *for*
                                            Linda S. Kingsley, Corporation
                                            Counsel of the City of Rochester,
                                            Rochester, NY.

Appeal from the June 6, 2022 judgment of the United States District Court for the Western District of New York (Geraci, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Brian Dwayne Brookins ("Brookins"), through counsel, appeals from the June 6, 2022 judgment of the district court, specifically challenging an October 29, 2018 order dismissing his claim for malicious prosecution, with prejudice, pursuant to 28 U.S.C. § 1915A and § 1915(e)(2)(B). Brookins brought this action in the Western District of New York pursuant to 42 U.S.C. § 1983, alleging that Officers Jonathan Laureano and Salvatore Amore of Rochester, New York, violated his Fourth Amendment rights during his May 27, 2016 arrest. His original complaint asserted claims for false arrest, excessive force, illegal search and seizure, and malicious prosecution. Only Brookins's malicious prosecution claim is at issue on appeal. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

Upon initial review of Brookins's original complaint pursuant to 28 U.S.C. § 1915A, the district court dismissed Brookins's malicious prosecution claim with leave to amend, finding that the claim was barred under *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) (holding that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a

2

§ 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." (footnote omitted)). Brookins timely filed an amended complaint, curing the *Heck* defect in the original complaint identified by the district court in its initial review order. Although the district court subsequently allowed Brookins's false arrest and illegal search and seizure claims to proceed, it again dismissed the malicious prosecution claim, this time *with prejudice*—meaning Brookins was prohibited from amending the malicious prosecution claim any further. This second Section 1915A dismissal was not based on *Heck*. Instead, the district court concluded that Brookins had failed to state a claim, specifically concluding that the amended complaint did not plausibly plead factual allegations to (i) rebut the presumption of probable cause following the return of the grand jury indictment, (ii) establish actual malice in bringing charges against him, or (iii) demonstrate how prosecutors were not an intervening cause of his criminal prosecution. Brookins then proceeded with the matter *pro se* through summary judgment. One illegal search claim survived summary judgment and was scheduled for trial, but after Brookins retained trial counsel, the parties stipulated to dismissal of that remaining claim with prejudice. After the district court entered judgment, this appeal followed.

On appeal, Brookins seeks to revive his malicious prosecution claim. He argues that the district court abused its discretion in dismissing the claim with prejudice based on apparent pleading defects of which he had no prior notice. He also contends that a second amendment of his malicious prosecution claim would not have been futile. We conclude that the district court abused its discretion to the extent that it denied leave to amend without providing Brookins, who was proceeding *pro se*, with notice of the pleading defects that led to the *sua sponte* dismissal or

an opportunity to cure them. However, even if there was error in the district court's procedure, we ultimately affirm the dismissal because Brookins lacks Fourth Amendment standing to pursue the malicious prosecution claim.

\* \* \*

Denial of leave to amend is reviewed for abuse of discretion, except insofar as the district court based the denial on a conclusion that the proposed amended pleading was futile, in which case we review that legal conclusion *de novo*. *Knife Rts., Inc. v. Vance*, 802 F.3d 377, 389 (2d Cir. 2015) (denial of Fed. R. Civ. P. 15 motion); *Balintulo v. Ford Motor Co.*, 796 F.3d 160, 164–65 (2d Cir. 2015) (motion to dismiss with prejudice based on futility). We will not identify an abuse of discretion "absent an error of law, a clearly erroneous assessment of the facts, or a decision outside the available range of permitted choices." *Knife Rts.*, 802 F.3d at 389.

Brookins argues that the district court erred because its *sua sponte* dismissal with prejudice of his malicious prosecution claim under Section 1915A deprived him of notice of, or an opportunity to be heard regarding, the pleading defects that formed the basis of the dismissal. We agree. Under Fed. R. Civ. P. 15(a)(2), district courts "should freely give leave [to amend] when justice so requires." This permissive standard applies with special force when, like in the instant case, district courts screen *pro se* pleadings under Sections 1915 and 1915A. *See Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007) ("Unless it is unmistakably clear . . . that the complaint lacks merit or is otherwise defective, we believe it is bad practice for a district court to dismiss without affording a plaintiff the opportunity to be heard in opposition." (quotation marks and alterations omitted)).

A district court exceeds the bounds of its discretion when dismissing a *pro se* complaint with prejudice without any notice to plaintiff of the pleading defects underlying the dismissal. *See,*

4

*e.g.*, *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015) ("Without the benefit of a ruling, many a plaintiff will not see the necessity of amendment or be in a position to weigh the practicality and possible means of curing specific deficiencies."). Here, Brookins, acting *pro se*, did not have the benefit of a ruling addressing the relevant pleading deficiencies when the district court denied him a chance to replead. He was never notified of any pleading defects in his malicious prosecution claim beyond the potential *Heck* defect in the original complaint, which he later cured in the amended complaint. Thus, because Brookins did not have an opportunity to amend in response to the specifically identified pleading defects, the district court abused its discretion by dismissing the malicious prosecution claim with prejudice. *See Knife Rts.*, 802 F.3d at 389.

However, we nonetheless affirm because Brookins lacks Fourth Amendment standing to challenge the search that led to his May 26, 2016 arrest, and thus lacks standing to challenge his later prosecution based on the results of that search.[1] Brookins's malicious prosecution claim stems from what he alleges was a "pre-textual stop of [his] vehicle" and subsequent "unlawful arrest and search of [his] person and vehicle." Joint App'x at 31. Defendant-Appellee Laureano argues that Brookins lacks Fourth Amendment standing to bring the malicious prosecution claim based on this search because Brookins had no reasonable expectation of privacy in the vehicle, which had been rented by his wife for Brookins's use. *See id.* at 55. Accordingly, Laureano asserts that any amendment of the malicious prosecution claim would be futile. In advancing these arguments, Laureano relies on evidence outside of the pleadings, and essentially asks this Court to

---

[1] "The concept of standing in Fourth Amendment cases . . . should not be confused with Article III standing, which is jurisdictional and must be assessed before reaching the merits." *Byrd v. United States*, 138 S. Ct. 1518, 1530 (2018). Rather, "[b]ecause Fourth Amendment standing is subsumed under substantive Fourth Amendment doctrine, it is not a jurisdictional question and hence need not be addressed before addressing other aspects of the merits of a Fourth Amendment claim." *Id.*

affirm the district court's implicit finding of futility on the ground that Brookins's malicious prosecution claim would not survive a summary judgment motion.

"An appellate court has the power to decide cases on appeal if the facts in the record adequately support the proper result." *Stetson v. Howard D. Wolf & Assocs.*, 955 F.2d 847, 850 (2d Cir. 1992). The record in this case and the extensive record in Brookins's federal criminal case, of which we may take judicial notice, conclusively establish that at the time of his arrest, Brookins was driving a rental car, without authorization, and with a suspended license. *See generally United States v. Brookins*, No. 17CR06019(CJS) (W.D.N.Y. Jan. 26, 2017). Indeed, during his deposition in *this* case, Brookins admitted that he was driving with a suspended license at the time of the stop and search, and does not dispute that fact on appeal. Brookins therefore lacks Fourth Amendment standing to challenge the search underlying his malicious prosecution claim. *See United States v. Lyle*, 919 F.3d 716, 729 (2d Cir. 2019) ("[Defendant] lacked standing [to challenge search of rental car] not just because he was an unauthorized driver, but because he was an unlicensed one[,]" and "it was unlawful for him to be operating the vehicle."). Because Brookins would be precluded from challenging the search at issue given he had a suspended license, he would be unable to prove an essential element of his malicious prosecution claim— specifically, the lack of probable cause to commence and pursue the criminal action against him. *See Manganiello v. City of New York*, 612 F.3d 149, 160–61 (2d Cir. 2010). Accordingly, "[i]t would be a waste of judicial resources to remand this matter to the district court for an initial determination," *Caspary v. La. Land & Expl. Co.*, 725 F.2d 189, 192 (2d Cir. 1984), because "we have independently determined that providing [Brookins] with an opportunity to amend his complaint would be futile." *Hunt v. Klein*, 476 F. App'x 889, 891 (2d Cir. 2012) (summary order).

\*                  \*                  \*

6

For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court